**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**July 21, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2026AP460**
**2026AP461**

Cir. Ct. Nos. 2024TP12
2024TP13

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT III**

---

NO. 2026AP460

IN RE THE TERMINATION OF PARENTAL RIGHTS TO U. S. W., A PERSON UNDER THE AGE OF 18:

BARRON COUNTY,

    PETITIONER-RESPONDENT,

  V.

K. L. P.,

    RESPONDENT-APPELLANT.

---

NO. 2026AP461

IN RE THE TERMINATION OF PARENTAL RIGHTS TO Y. P. W., A PERSON UNDER THE AGE OF 18:

BARRON COUNTY,

    PETITIONER-RESPONDENT,

V.

**K. L. P.,**

**RESPONDENT-APPELLANT.**

APPEALS from orders of the circuit court for Barron County: JAMES C. BABLER, Judge. *Affirmed*.

¶1      STARK, P.J.[1]  In these consolidated cases, Karen appeals orders terminating her parental rights to her daughters, Ursa and Yasmin, and orders denying her motions for postdisposition relief.[2]  Karen argues that the circuit court was deprived of competency to enter dispositions in these termination of parental rights (TPR) cases because the court did not hear testimony in support of the factual allegations in the TPR petitions at the time of her no-contest pleas to the alleged TPR grounds, which she contends is required by WIS. STAT. § 48.422(3).

¶2      For purposes of these appeals, we assume without deciding that WIS. STAT. § 48.422(3) requires the circuit court to take supporting testimony as to the alleged grounds at the time of a TPR plea.  We nonetheless conclude that § 48.422(3) is not "central to the statutory scheme" of WIS. STAT. ch. 48, and

---

[1]  These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

[2]  For ease of reading in these confidential matters, we refer to the appellant using a pseudonym rather than her initials, and we do the same for the children.

After filing her notice of appeal, Karen moved to remand the cases to the circuit court so that she could file postdisposition motions seeking to vacate her no-contest pleas, which we granted.  We now address both the court's orders terminating Karen's parental rights and the court's orders denying Karen's postdisposition motions.

therefore any failure of the court to timely take testimony supporting the TPR grounds did not deprive the court of competency. *See Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶10, 273 Wis. 2d 76, 681 N.W.2d 190 (citation omitted). Accordingly, we affirm.

## BACKGROUND

¶3 In December 2024, the Barron County Department of Health and Human Services (the "County") filed petitions to terminate Karen's parental rights to Ursa and Yasmin, alleging that TPR grounds existed for both children due to abandonment under WIS. STAT. § 48.415(1)(a)2., continuing need of protection or services under § 48.415(2)(a), and failure to assume parental responsibility under § 48.415(6). The petitions provided facts in support of the alleged TPR grounds.

¶4 Karen agreed to plead no contest to each of the TPR grounds. During a plea colloquy, the circuit court informed Karen that she was giving up her "right to make the [C]ounty prove the allegations in the petitions by clear, satisfactory, and convincing evidence," and Karen, through her attorney, acknowledged that she believed the petitions provided a factual basis for the court to accept the pleas.[3] The court found that Karen's pleas were made knowingly, intelligently, and voluntarily, and it accepted Karen's pleas and found her unfit.

---

[3] The County does not argue on appeal that Karen's counsel's acknowledgment that the TPR petitions formed a factual basis for the circuit court to accept Karen's pleas satisfied WIS. STAT. § 48.422(3)'s requirement that the court hear testimony in support of the petitions' allegations and § 48.422(7)(c)'s requirement that the court "[m]ake such inquiries as satisfactorily establish that there is a factual basis for the admission" of the alleged facts in the petitions. "We do not step out of our neutral role to develop or construct arguments for parties; it is up to them to make their case." *Doe 1 v. Madison Metro. Sch. Dist.*, 2022 WI 65, ¶35, 403 Wis. 2d 369, 976 N.W.2d 584 (citation omitted). We therefore do not address this issue.

¶5      During the dispositional hearing,[4] the circuit court heard testimony from the children's social worker, the children's therapist, the children's father, and Karen. The court then concluded that it was in Ursa's and Yasmin's best interests that Karen's parental rights be terminated and entered orders terminating Karen's parental rights to both children.

¶6      Karen filed motions for postdisposition relief seeking to vacate the TPR orders and withdraw her no-contest pleas. As relevant to this appeal, Karen argued that the circuit court's acceptance of her no-contest pleas without hearing testimony in support of the petitions' grounds allegations at the plea hearing violated WIS. STAT. § 48.422(3) and deprived the court of competency over the dispositional phase of the TPR proceedings.[5] The court denied the motions, assuming that it had erred by failing to take supporting testimony at the plea hearing but concluding that any such error was harmless and that its competency was not affected because the court ultimately heard testimony at the dispositional hearing to support the factual allegations in the TPR petitions, Karen was

---

[4] A contested TPR proceeding involves a two-step procedure. **Sheboygan Cnty. DHHS v. Julie A.B.**, 2002 WI 95, ¶24, 255 Wis. 2d 170, 648 N.W.2d 402. The first step is a factfinding hearing, during which a jury or circuit court determines "whether any grounds for the termination of parental rights have been" proven. **Id.**, ¶26 (quoting WIS. STAT. § 48.424(3)). The proceeding then moves to the second step, a dispositional hearing, at which the circuit court must consider the best interests of the child in determining whether to terminate the parent's rights or order another disposition. WIS. STAT. § 48.426(2). No TPR order is entered until both steps in the process are completed.

[5] In her postdisposition motions, Karen additionally argued that the circuit court erroneously exercised its discretion by accepting her no-contest pleas without taking supporting testimony, that she was entitled to relief from the TPR orders under WIS. STAT. § 806.07(1), and that by proceeding to the dispositional hearing without competency, the court violated her right to due process. Karen does not raise these issues on appeal; thus, we deem those arguments abandoned and do not address them further. See **A.O. Smith Corp. v. Allstate Ins.**, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998).

4

represented by counsel throughout the proceedings, and all of Karen's "safeguards were in place." Karen now appeals.

## DISCUSSION

¶7 On appeal, Karen argues that the circuit court's failure to hear testimony in support of her pleas at the plea hearing deprived the court of competency to proceed to the dispositional hearing and enter judgments terminating her parental rights.

¶8 As an initial matter, the County argues that Karen forfeited[6] her argument that the circuit court lost competency by failing to raise the issue prior to the dispositions being entered. The County is correct that challenges to the circuit court's competency can be forfeited if they are not raised in the circuit court. *See Mikrut*, 273 Wis. 2d 76, ¶38. The County is also correct that Karen did not raise the issue of competency until after disposition, thereby limiting the court's ability to meaningfully address the issue. However, "[t]he [forfeiture] rule is a rule of judicial administration, and therefore a reviewing court has inherent authority to disregard a [forfeiture] and address a competency argument in appropriate cases." *Id.* In recognition of the "fundamental importance of parental rights," *see Racine County Human Services Department v. Latanya D.K.*, 2013 WI App 28, ¶13, 346 Wis. 2d 75, 828 N.W.2d 251, and because the competency issue has been fully

---

[6] The County actually argues that Karen "waived" this issue. We note that "[a]lthough cases sometimes use the words 'forfeiture' and 'waiver' interchangeably, the two words embody very different legal concepts. 'Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.'" *State v. Ndina*, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612 (citation omitted). The County does not assert that Karen intentionally relinquished the issue of competency, but rather that she failed to timely raise the issue.

briefed by both parties and the circuit court's postdisposition orders addressed competency, we exercise our authority to address the competency issue on the merits.

¶9      The County additionally argues that the circuit court did not err by failing to hear testimony to support the factual allegations in the TPR petitions at the plea hearing because "the plain language of WIS. STAT. § 48.422(3) does not require supporting testimony to be taken at the same time as the entry of the plea" and because the court later heard testimony to support the petition's factual allegations at the dispositional hearing. We need not address this argument because even assuming without deciding that the court erred by not taking supporting testimony at the hearing during which Karen entered her pleas, we agree with the County that the court did not lose competency to proceed to the dispositional hearing and enter orders terminating Karen's parental rights. *See Patrick Fur Farm, Inc. v. United Vaccines, Inc.*, 2005 WI App 190, ¶8 n.1, 286 Wis. 2d 774, 703 N.W.2d 707 ("[W]e decide cases on the narrowest possible grounds.").

¶10      Whether the circuit court lost competency is a question of law that we review de novo. *Mikrut*, 273 Wis. 2d 76, ¶7. This issue requires us to interpret statutes, which also presents a question of law that we review de novo. *See State v. Stewart*, 2018 WI App 41, ¶18, 383 Wis. 2d 546, 916 N.W.2d 188.

¶11      "We assume that the legislature's intent is expressed in the statutory language." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' Statutory language is given its common, ordinary, and accepted

meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.*, ¶45 (citation omitted).

¶12 "A circuit court's competency refers to its 'ability to exercise the subject-matter jurisdiction vested in it' by Article VII, Section 8 of the Wisconsin Constitution." ***Outagamie County v. M.J.B.***, 2026 WI 23, ¶13, ___ Wis. 2d ___, ___ N.W.3d ___ (citation omitted). "[A] circuit court's competency—its ability to exercise its subject matter jurisdiction in a particular case—'may be affected by noncompliance with statutory requirements pertaining to the invocation of that jurisdiction in individual cases.'" ***Id.*** (citation omitted). However, "'[n]oncompliance with a mandatory statute does not always translate into a loss of competency.' Rather, the failure to comply with a statute causes a circuit court to lose competency to proceed only if the statutory requirement is 'central to the statutory scheme.'" *Id.*, ¶14 (citations omitted). This analysis requires us to consider "whether the legislative purpose of the statutory scheme could be fulfilled, without strictly following the statutory directive." ***State v. Bollig***, 222 Wis. 2d 558, 567-68, 587 N.W.2d 908 (Ct. App. 1998).

¶13 WISCONSIN STAT. § 48.01(1) provides, "In construing this chapter, the best interests of the child or unborn child shall always be of paramount consideration." However,

> [n]otwithstanding this broad language, the "best interests of the child" standard does not dominate every step of every proceeding, because other vital interests must be accommodated. When the government seeks to terminate parental rights, the best interests of the child standard does not "prevail" until the affected parent has been found unfit pursuant to WIS. STAT. § 48.424(4).… Thus, when the state moves to terminate parental rights, "it must provide the parents with fundamentally fair procedures."

7

*Sheboygan Cnty. DHHS v. Julie A.B.*, 2002 WI 95, ¶22, 255 Wis. 2d 170, 648 N.W.2d 402 (citation omitted).

¶14 "A parent's interest in the 'accuracy and justice of [a TPR] decision … is … a commanding one.'" *Dane Cnty. DHS v. Mable K.*, 2013 WI 28, ¶59, 346 Wis. 2d 396, 828 N.W.2d 198 (citation omitted). During TPR proceedings, "a parent is afforded numerous rights intended to safeguard his or her interests," including:

> a right to a written petition with a statement of the grounds for involuntary termination of parental rights [WIS. STAT. § 48.42(1)]; a right to be personally served with the summons and petition [§ 48.42(2) and (4)]; a right to have a hearing on the petition within 30 days [WIS. STAT. § 48.422(1)]; a right to a jury trial of twelve jurors and to have the allegations proven by clear and convincing evidence [WIS. STAT. §§ 48.31(1) and 48.422(4)]; a right to subpoena witnesses [WIS. STAT. §§ 48.31(2) and 805.07(1)]; and a right to an attorney [WIS. STAT. § 48.23(2)].

*Julie A.B.*, 255 Wis. 2d 170, ¶23 (first, third, fourth, fifth, and sixth alterations in original). In addition to these requirements, § 48.422(3) and (7)(c) provide additional safeguards. Section 48.422(3) provides that if a TPR "petition is not contested[,] the [circuit] court shall hear testimony in support of the allegations in the petition, including testimony as required in sub. (7)." Section 48.422(7)(c) then states that the court must "[m]ake such inquiries as satisfactorily establish that there is a factual basis for the [parent's] admission" of the facts alleged in a TPR petition.

¶15 The circuit court found Karen unfit after accepting her no-contest pleas to the TPR grounds. *See* WIS. STAT. § 48.424(4) ("If grounds for the termination of parental rights are found by the court or jury, the court shall find the parent unfit."). We therefore consider whether Karen's "commanding" interest in

the accuracy and justice of the TPR proceedings and the purpose of the safeguards enacted by the legislature could be met despite the court's failure to hear testimony in support of the TPR petitions' allegations before accepting Karen's no-contest pleas. *See Bollig*, 222 Wis. 2d at 567-68; *Mable K.*, 346 Wis. 2d 396, ¶59. Again, assuming without deciding that WIS. STAT. § 48.422(3) requires a court to take supporting testimony at the time of a no-contest plea, we nevertheless conclude that directive is not central to the statutory scheme of WIS. STAT. ch. 48, and therefore the court's failure to follow that directive did not deprive it of competency.

¶16    In *Waukesha County v. Steven H.*, 2000 WI 28, ¶¶38-61, 233 Wis. 2d 344, 607 N.W.2d 607, our supreme court addressed, among other issues, the appellant's claim that the circuit court violated WIS. STAT. § 48.422(3) by accepting his no-contest plea to TPR grounds without hearing testimony in support of the allegations in the petition. After conducting a *Bangert*[7] analysis, noting that "the legislature intended the circuit court to hear testimony in support of the allegations because testimony safeguards accurate fact[]finding and protects the parents," and determined that the court failed to comply with § 48.422(3), the *Steven H.* court concluded that under the circumstances of the case, "Steven H. cannot rely on this error to reverse the termination proceedings because he was not prejudiced by the circuit court's failure to comply with the statute." *Steven H.*, 233 Wis. 2d 344, ¶¶41-43, 56-57. The court reasoned that the factual basis for "several of the allegations" could be "teased out of the testimony of other witnesses at other hearings when the entire record [was] examined" and that the

---

[7] *See State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986).

appellant's only defense to the factual allegations was that the order placing the child outside the home did not contain the requisite statutory notice; he did not challenge the factual allegations in the petition.[8]  *Id.*, ¶¶58-59.

¶17    Our supreme court's analysis in *Steven H.* shows that the purpose of WIS. STAT. § 48.422(3)—i.e., safeguarding a parent's interest in the accuracy and justice of the TPR proceeding—can be fulfilled without strictly following § 48.422(3)'s assumed mandate for supporting testimony at the time of a TPR plea.  In other words, as long as the circuit court establishes that there is a factual basis for a parent's admission to the allegations in the petition, a parent's interest in the accuracy and justice of the TPR proceeding can be met anytime during the TPR process prior to the entry of an order terminating parental rights.  The ability of the court to verify the facts supporting the TPR grounds through the proceeding as a whole ensures that the parent's rights will not be terminated precipitously, arbitrarily, or capriciously.  *See Steven H.*, 233 Wis. 2d 344, ¶¶40, 58.  Accordingly, § 48.422(3) is not central to the statutory scheme of WIS. STAT. ch. 48, and, therefore, the court's failure to hear testimony in support of the County's TPR petitions at the time of Karen's pleas did not deprive the court of competency.  *See Bollig*, 222 Wis. 2d at 567-68.

¶18    Karen disagrees and compares the facts of her case to *State v. R.A.M.*, 2024 WI 26, ¶¶18-25, 412 Wis. 2d 285, 8 N.W.3d 349.  In that case, the circuit court found the mother's failure to appear at the continuation of a grounds

---

[8]  While *Waukesha County v. Steven H.*, 2000 WI 28, 233 Wis. 2d 344, 607 N.W.2d 607 did not address competency, we note that our supreme court would not likely have addressed harmless error if it had found that the circuit court's failure to take supporting testimony caused the court to lose competency.

trial in a TPR matter was "egregious and [done in] bad faith and without justification," found the mother an unfit parent, and then immediately moved to the dispositional phase, contrary to WIS. STAT. § 48.42(2)(b)3.'s mandate that a court "may not hold a dispositional hearing on the contested adoption or involuntary termination of parental rights until at least 2 days have elapsed" since the finding of parental unfitness. *R.A.M.*, 412 Wis. 2d 285, ¶¶4-5, 10. Our supreme court concluded that, under those circumstances, the circuit court was deprived of competency due to its failure to wait two days after the grounds hearing to hold the dispositional hearing. *Id.*, ¶25. The supreme court reasoned that this waiting period "serves as a basic procedural safeguard for parents in [TPR] proceedings, potentially providing them opportunity to participate in the disposition hearing, or to ask the court to reconsider a default judgment following an egregiousness finding." *Id.*, ¶24. Karen contends that the timing issue in this case requires a similar analysis and result.

¶19 The County argues, and we agree, that *R.A.M.* is materially distinguishable from the issue Karen raises here. *R.A.M.* involved an express temporal requirement that is not present in WIS. STAT. § 48.422(3). *See R.A.M.*, 412 Wis. 2d 285, ¶18. Indeed, one of the bases for our supreme court's decision was that the court interpreted the express time limit as mandatory and the court had "previously held that statutory time limits in [WIS. STAT.] ch. 48 cases are central to the statutory scheme." *R.A.M.*, 412 Wis. 2d 285, ¶22.

¶20 Further, Karen fails to develop any argument as to why the above-discussed procedural safeguards could not be fulfilled in these cases based upon testimony from the entire proceeding, including evidence produced after the pleas and at the dispositional hearing. As stated above, our supreme court's analysis in *Steven H.* shows that the legislative purpose of WIS. STAT. § 48.422(3)

can be fulfilled without strictly following any mandate that supporting testimony be taken at the time of the plea.

¶21     For these reasons, we conclude that the circuit court did not lose competency when it failed to hear testimony supporting the factual allegations in the TPR petitions at Karen's plea hearing.  Karen does not argue that, assuming the court maintained competency, she was prejudiced by the court's failure to hear testimony in support of the TPR petitions.  In fact, she develops no argument that the court erred by finding that her pleas were supported by testimony and evidence.  Accordingly, we need not conduct a harmless error analysis.

*By the Court.*—Orders affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.